IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **ERICK KALE DANIELS,** § | |
| **TDCJ No. 01992750,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00077-O-BP |
| § | |
| **LORIE DAVIS, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Erick Kale Daniels ("Daniels"), an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. (ECF No. 1).

Daniels challenges the validity of disciplinary action no. 20180174114, which was taken against him at the Allred Unit for the offense of fighting or assaulting another inmate with a weapon that resulted in a serious injury. (*See* ECF No. 1 at 5). In his petition, Daniels noted the disciplinary charge as "2.2." (*Id.*) Pursuant to the Disciplinary Rules and Procedures for Offenders, a Level 1, a Code 2.2 violation is for fighting or assaulting an offender with a weapon that results in a serious injury. Daniels states that the disciplinary case resulted in a 90 day reduction of previously earned good-time days and a continuation of his Line 3 custodial classification. (*Id.*)

In support of his petition, Daniels presents the following grounds for relief:

1. the case officer mischaracterized the circumstances of the assault;

2. ineffective assistance of substitute counsel; and

    3.    the disciplinary charge was fabricated as a result of a conspiracy between the case officer and other offenders.

*Id*. at 6.

Daniels has failed to state a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Therefore, to the extent Daniels' custodial classification was to improve in the future, the continuation of his Line 3 custodial classification does not warrant due process protection.

Daniels concedes that he is not eligible for mandatory supervised release. (*See* ECF No. 8 at 1). Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed August 13, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE